UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON ANDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-2360 |
| | § | |
| DEANNE CRISWELL, | § | |
| Administrator, Federal Emergency | § | |
| Management Agency, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Deanne Criswell, Administrator, Federal Emergency Management Agency's ("FEMA") Motion for Summary Judgment. (Dkt. 27). Having reviewed the pleadings, the entire record and the applicable law, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

Plaintiff Jason Anderson began working for FEMA in November 2017 as a Travel Specialist. He applied for a Training Specialist position about a month later. A week after Anderson received the Training Specialist position, Ayanna Fleming was hired as a Training Support Specialist.

In early February 2018, Anderson was asked to co-lead a high-level, week-long training. Anderson got into an automobile accident the night before the training. Anxious that he would not perform well, Anderson refused to lead the training the following

1

morning (February 12). He led two other trainings later that week. That Friday, Anderson was fired. Fleming was promoted to his former position less than a month later.

Believing that his firing was motivated by discriminatory animus based upon his age, race (Caucasian) and color (white), Anderson timely initiated contact with an Equal Employment Opportunity ("EEO") Counselor.[1] An Administrative Judge for the Equal Employment Opportunity Commission ("EEOC") dismissed the complaint from the EEOC review process and remanded it back to the Department of Homeland Security. The Final Agency Decision concluded that Anderson failed to establish that FEMA's proffered reason for firing him—his refusal to lead the February 12 training—was a pretext for discrimination. Anderson then filed his claims in federal court.

FEMA moves for summary judgment on all of Anderson's claims, asserting that (1) Anderson cannot establish that FEMA's proffered reason for his termination was pretextual, and (2) Anderson failed to exhaust his administrative remedies for his hostile work environment claim (which FEMA argues is meritless in any event). (Dkt. 27 at 9, 15). The Court addresses these arguments below.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material if it might affect the outcome of the suit, and a factual dispute is genuine if the evidence is such that a reasonable jury

---

[1] Anderson does not bring an age discrimination claim in the present lawsuit.

2

could return a verdict for the nonmoving party." *Estate of Miranda v. Navistar, Inc.*, 23 F.4th 500, 503 (5th Cir. 2022). To survive summary judgment, the nonmovant must "present competent summary judgment evidence to support the essential elements of its claim." *Cephus v. Tex. Health & Hum. Servs. Comm'n*, 146 F. Supp. 3d 818, 826 (S.D. Tex. 2015).

The nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quotation omitted). Rather, the "nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brooks v. Houston Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015). In ruling on a motion for summary judgment, the Court must construe "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

## ANALYSIS

### I. A fact question exists regarding whether FEMA's proffered reason for terminating Anderson was pretextual.

Title VII prohibits "discharg[ing] any individual, or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

A plaintiff can prove intentional discrimination through either direct or circumstantial evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). Direct evidence is evidence which, if believed, proves the fact without inference or presumption. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citing *Brown v. E. Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993)). When race discrimination claims are based on circumstantial evidence, courts apply the *McDonnell Douglas* burden-shifting framework. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Here, the burden-shifting framework is applicable because Anderson presents circumstantial evidence in support of his discrimination claim.

### *Prima Facie Case*

First, under the burden-shifting framework, a plaintiff must present a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. To establish a claim of disparate treatment resulting in unlawful termination from employment, a plaintiff must show that (1) he belongs to a protected class; (2) he was qualified to do his job; (3) despite his qualifications, his employment situation was adversely affected; and (4) his position was filled by someone outside the protected class. *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th Cir.1994) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

FEMA concedes that Anderson's claim establishes a *prima facie* case of discrimination. Dkt. 21 at 24. However, FEMA argues for summary judgment in its favor under the burden-shifting framework because: (1) it has produced a legitimate non-

4

discriminatory reason for Anderson's termination, and (2) Anderson has failed to meet his burden to demonstrate the existence of a genuine issue of material fact that FEMA's reason for his termination was a pretext for racial discrimination. Dkt. 21 at 24–29.

***Legitimate Nondiscriminatory Reason***

If the plaintiff is successful in presenting a *prima facie* case of discrimination, the burden of production shifts to the employer to "rebut a presumption of discrimination by articulating a legitimate, nondiscriminatory reason for the adverse employment action." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (citing *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001)). "The defendant may meet this burden by presenting evidence that 'if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action.'" *Nichols v. Loral Vought Systems Corp.*, 81 F.3d 38, 41 (5th Cir. 1996) (quoting *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 992 (5th Cir. 1996)). "If defendant meets that burden, 'the presumption of discrimination created by the plaintiff's *prima facie* case disappears and the plaintiff must meet [their] ultimate burden of persuasion on the issue of intentional discrimination.'" *Lay v. Singing River Health Sys.*, 694 F. App'x 248, 253 (5th Cir. 2017) (quoting *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005)).

The defendant's burden is one of production, not proof, and involves no credibility assessments. *See, e.g., West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003). This "burden requires the production of admissible evidence in support of its nondiscriminatory reasons." *Hervey v. Miss. Dep't of Educ.*, 404 Fed. App'x. 865, 868 (5th Cir. 2010) (per curiam). "If the employer produces any evidence, which, taken as true,

5

would permit the conclusion that there was a nondiscriminatory reason for the adverse action, then the employer has satisfied its burden of production." *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995) (quotation omitted).

FEMA put forth evidence that it terminated Anderson for a legitimate, nondiscriminatory reason. Specifically, FEMA produced an affidavit from Twaski Simmons, one of Anderson's supervisors, stating that Anderson (1) was scheduled to instruct a "600 series" (advanced level) management course; (2) refused to teach that course; (3) instead "quit and left the office" that day; and (4) was terminated "based on his actions of failing to provide the scheduled training, essentially walking out on the team." (Dkt. 28-2, 2-3). Anderson does not dispute that he refused to teach the course in question. (Dkt. 36-2 at 7). Thus, the burden-shifting analysis moves to whether FEMA's proffered reason is a pretext for discrimination.

***Pretext***

Anderson must present substantial evidence that FEMA's legitimate, nondiscriminatory reason for termination is pretextual. *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 480 (5th Cir. 2016) (quotation omitted). Pretext is established either through evidence of disparate treatment or by showing that the employer's proffered explanation is either false or "unworthy of credence"—*i.e.*, when it "is not the real reason for the adverse employment action." *Watkins v. Tregre*, 997 F.3d 275, 284 (5th Cir. 2021) (quotation omitted). "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered

6

explanation is false or 'unworthy of credence.'" *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (quoting *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001)).

The Court finds that Anderson has put forth sufficient evidence to create a fact question regarding whether FEMA's proffered nondiscriminatory reason for firing Anderson was pretextual. Most significantly, there is evidence that FEMA's Simmons did not specifically cite Anderson's failure to teach the advanced-level course when he notified Anderson of his termination. (Dkt. 36-2 at 9; Dkt. 36-9 at 3). Instead, the evidence indicates that FEMA chose to fire Anderson because his resume appeared to reflect a relative lack of training background when compared to Fleming, Anderson's replacement. (Dkt. 36-9 at 2-3). "One can reasonably infer pretext from an employer's shifting or inconsistent explanations for [a] challenged employment decision." *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 347 (5th Cir. 2019) (quoting *Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 579 (7th Cir. 2003)).

Summary judgment evidence further indicates that Anderson's supervisors at FEMA initially excused his February 12 absence. (Dkt. 36-2 at 7) (Anderson's supervisor Simmons "asked if we could give things a 'second chance' and to come in 'bright and early' the next day"); (Dkt. 36-2 at 8) (Tracy King, Anderson's scheduled co-presenter on February 12, "understood [Anderson's] concern, and she was genuinely kind and sympathetic."). Anderson led trainings on February 14 and 15; he received positive feedback both times. (Dkt. 36-3 at 6).

FEMA argues that Anderson cannot establish pretext because he cannot identify any employees who were outside of his protected class but were not similarly punished. (Dkt.

7

27 at 15) Specifically, FEMA rejects Anderson's offer of Fleming, who "no-show[ed] due to emotional distress" the week before Anderson did the same but was not fired. (Dkt. 27 at 15, Dkt. 36-2 at 7). The Court is not persuaded by FEMA's argument. Under certain circumstances not present in this case, a plaintiff's prima facie case of discrimination must contain examples of unfair treatment involving similarly situated employees outside of the plaintiff's protected class. But there is no dispute that Anderson established a prima facie case here. *See supra*. And FEMA's response to Fleming's actions does have probative weight in a pretext analysis. Here, Fleming ultimately replaced Anderson after he was purportedly fired for the same conduct. (Dkt. 36-2 at 7). Indeed, those actions create a fact question on pretext at the summary judgment stage.

Accordingly, FEMA is not entitled to summary judgment on Anderson's unlawful termination claim.

## II. Hostile Work Environment Claim

### A. Anderson Exhausted His Hostile Work Environment Claim.

As a threshold matter, FEMA moves for summary judgment on Anderson's hostile work environment claim on the grounds that Anderson failed to exhaust his administrative remedies under Title VII. The Court disagrees.

Before bringing a lawsuit for employment discrimination claims, a federal employee must exhaust his administrative remedies. See *Fitzgerald v. Sec'y, U.S. Dep't of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997). Under federal regulations, an employee who believes that he has been discriminated against on the basis of race, color, religion, sex, national origin, age, or handicap must contact an Equal Employment Opportunity (EEO)

8

counselor within forty-five days of the matter alleged to be discriminatory. 29 C.F.R. § 1614.105(a)(1). If the counselor is unable to resolve the issue, a federal employee must exhaust his administrative remedies by filing a charge of discrimination with the EEO division of their agency. See 42 U.S.C. § 2000e–16(c); *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). The employee may appeal to the Equal Employment Opportunity Commission (EEOC) or file suit in federal court if the agency does not resolve the issue in the employee's favor. *Id*. If the complaining employee chooses to pursue his remedies with the EEOC appeal, however, he is required to wait until that administrative remedy is exhausted, before filing an action in federal district court. *Tolbert v. United States*, 916 F.2d 245, 249 (5th Cir. 1990).

The purpose of the exhaustion requirements for federal employees is to allow agencies to have an opportunity to resolve complaints of employment discrimination informally before resorting to the court system. *See e.g.*, *McCarthy v. Madigan*, 503 U.S. 140, 144–48, (1992) (superseded on other grounds by statute in *Booth v. Churner*, 532 U.S. 731, 739 (2001)) (noting that the exhaustion of remedies requirement protects administrative agency authority, promotes judicial efficiency, and furthers the "commonsense notion of dispute resolution that an agency ought to have an opportunity to correct its own mistakes ... before it is haled into federal court.").

Under Fifth Circuit precedent, a discrimination claimant is not required to assert all legal claims in his EEOC or appropriate state agency charge; rather, it is sufficient if the claimant asserts in his charge the facts which form the basis of his subsequent legal claims. *Harris v. Parker College of Chiropractic*, 286 F.3d 790, 795 (5th Cir.2002) (citing *Sanchez*

9

*v. Standard Brands*, 431 F.2d 455, 462 (5th Cir.1970) ("In the context of a statute like Title VII it is inconceivable that a charging party's rights should be cut off merely because he fails to articulate correctly the legal conclusions emanating from his factual allegations.")) This "rule of reason" permits the scope of the Title VII suit to extend as far as the scope of the agency investigation could have reasonably grown out of the claimant's charge. *Terrell v. U.S. Pipe & Foundry Co.*, 644 F.2d 1112, 1123 (5th Cir. Unit B 1981).

The Court finds that the investigation which can reasonably be expected to grow out of Anderson's administrative complaint would examine whether he was subject to a hostile work environment as a result of FEMA's animus towards his race. Anderson's EEO counselor's report—submitted by FEMA as summary judgment evidence—twice notes that Anderson accused FEMA of subjecting him to a "hostile work environment." (Dkt. 28-3 at 4, 5). The report also lays out a series of episodes that, according to Anderson, supported his hostile work environment claim. (Dkt. 28-3 at 3-6). The summary judgment evidence before the Court reflects sufficient effort on Anderson's part to present his hostile work environment claim during the administrative-complaint stage. Accordingly, Anderson's hostile work environment claims are not subject to dismissal on the grounds that Anderson failed to exhaust his administrative remedies.

**B. Anderson's Hostile Work Environment Claim Fails.**

FEMA moves for summary judgment on Anderson's hostile work environment claim on the ground that Anderson has failed to establish the existence of a hostile work environment at FEMA that was caused by FEMA's animus towards him based upon his race. A plaintiff may establish a Title VII violation based on discrimination that creates a

hostile work environment by proving: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on that protected class; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir.2002). For harassment to affect a term, condition, or privilege of employment, it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id*. (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986)).

In determining whether a workplace constitutes a hostile work environment, courts must consider the following circumstances: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. (quoting *Harris v. Forklift Systems, Inc*., 510 U.S. 17, 23 (1993)).

The Court finds that Anderson has not shown alleged harassment against him based on his race that was severe or pervasive. At most, Anderson's litany of hostile work environment claims constitute mere "petty slights, minor annoyances, and simple lack of good manners." See *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 485 (5th Cir. 2008) (quoting *Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53, 60, 67 (2006)). Accordingly, FEMA is entitled to summary judgment on Anderson's hostile work environment claim.

## CONCLUSION

For the reasons explained above, Defendant FEMA's Motion for Summary Judgment (Dkt. 19) is **GRANTED IN PART** and **DENIED IN PART.**

SIGNED at Houston, Texas on September 28, 2022.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　GEORGE C. HANKS, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE